UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ALAN W. ORTEGO, SR. | CIVIL ACTION NO. 09-0199 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| FORCHT WADE CORRECTIONAL CENTER, ET AL. | MAGISTRATE JUDGE HORNSBY |

**JUDGMENT**

Before the Court is the Report and Recommendation of the Magistrate Judge. See Record Document 60. The Magistrate Judge recommended that the Motion for Summary Judgment filed by Defendants be granted in part by dismissing all claims against W. Colt Palmer and denied in all other respects, such that Plaintiff has remaining a medical indifference claim against Nurse Cheryl Wheeler. See id. The Magistrate Judge further recommended that Plaintiff's claims against Forcht Wade Correctional Center and Deputy Warden Anthony Batson be dismissed for failure to state a claim upon which relief can be granted. See id. Both Plaintiff Alan W. Ortego, Sr. and Defendants W. Colt Palmer and Cheryl Wheeler filed objections to the Report and Recommendation. See Record Documents 56 and 62.

For the reasons assigned in the Report and Recommendation of the Magistrate Judge, and having thoroughly reviewed the record, including the written objections filed, and concurring with the findings of the Magistrate Judge under the applicable law, the Court finds that dismissal of Plaintiff's claims against W. Colt Palmer, Forcht Wade Correctional Center, and Deputy Warden Anthony Batson is proper. The Court will now turn to Plaintiff's medical indifference claim against Nurse Cheryl Wheeler, focusing on the issue of administrative exhaustion.

There was never any dispute that Plaintiff filed a step-one grievance regarding the

alleged denial of medical care by Nurse Cheryl Wheeler and received a step-one response. See Record Document 60 at 8. The genuine issues of fact that prevented summary judgment on the medical indifference claim related to whether Plaintiff filed a step-two grievance. See id. at 8-12. In support of their Motion for Summary Judgment, Defendants argued, though not directly, that there was no step-two filing simply because Plaintiff did not put a checkmark between two parentheses on the step-two form. See id. at 8-9, 11. Further, Defendants never specifically denied receipt of Plaintiff's step-two submission. See id. at 8, 10-11. Thus, in the Report and Recommendation, the Magistrate Judge found that Plaintiff had filed a step-two grievance and the lack of a timely response to such grievance by the Secretary of the Louisiana Department of Public Safety and Corrections deemed the claim exhausted. See id. at 12. The Magistrate Judge recommended that summary judgment be denied as to the medical indifference claim. See id.

In their objections to the Report and Recommendation, Defendants have only now come forward with summary judgment evidence that Plaintiff did not proceed to the second step of the administrative procedure by requesting review of his grievance by the Secretary of the Louisiana Department of Public Safety and Corrections. See Record Document 62 at 5.[1] Defendants have submitted the affidavit of Tracy DiBenedetto, the Executive Management Officer for the Louisiana Department of Public Safety and Corrections. See id., Exhibit 4 at ¶ 1. Her duties include receiving, evaluating, processing, and responding

---

[1]The Magistrate Judge did not have the benefit of this affidavit at the time of his Report and Recommendation. As stated by the Magistrate Judge in the Report and Recommendation, "parties should never leave the court in a position of having to guess the basis of their arguments" and "Defendants have only themselves to blame for their failure to articulate clearly the factual and legal basis for their defense." Record Document 60 at 9.

under the Administrative Remedy Procedure ("ARP"). See id. She also has access to the ARP database, which logs receipt and disposition of ARP requests. See id. at ¶¶ 4-5. Her search of the ARP database revealed that Plaintiff did not submit a step-two grievance to the Secretary of the Louisiana Department of Public Safety and Corrections. See id. at ¶ 6(c). Moreover, Plaintiff has not refuted, with competent summary judgment evidence, the fact that he failed to exhaust the ARP by filing a step-two grievance.[2] In light of the Tracy DiBenedetto affidavit, the Court finds that Plaintiff has failed to create a genuine issue of material fact as to exhaustion. Summary judgment is, therefore, **GRANTED** as to Plaintiff's medical indifference claim against Nurse Cheryl Wheeler.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment (Record Document 52) be and is hereby **GRANTED**. All claims against W. Colt Palmer and Nurse Cheryl Wheeler are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Forcht Wade Correctional Center and Deputy Warden Anthony Batson are **DISMISSED** for failure to state a claim upon which relief may be granted.

**THUS DONE AND SIGNED**, at Shreveport, Louisiana, this 27th day of July, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2]In his complaint, Plaintiff does not specifically state that he filed a step-two grievance. See Record Document 1 at 2; Record Document 4 at 2. In his opposition to the Motion for Summary Judgment, Plaintiff did argue that he "has no legal bond to file above ['last' or 'first'] step response in the ARP system." Record Document 56. Yet, this is simply argument, not competent summary judgment evidence.